**THE LAW OFFICES OF**
**BENJAMIN G. KELSEN, ESQ. LLC**
1415 Queen Anne Road, Suite 206
Teaneck, NJ 07666
Phone: 201-692-0073
Fax: 201-692-0151
Email: info@kelsenlaw.com
Attorneys for Plaintiff ELIEZER KLEINBERG

| | |
|---|---|
| **ELIEZER KLEINBERG,**<br>                                   Plaintiff,<br><br>vs.<br><br>**SANTANDER CONSUMER USA, INC.**,<br>                                   Defendant. | **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>**CIVIL ACTION:** _____<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ELIEZER KLEINBERG ("Plaintiff"), by and through his attorneys, **THE LAW OFFICES OF BENJAMIN G. KELSEN, ESQ. LLC**, as and for his Complaint against the Defendant **SANTANDER CONSUMER USA, INC.**, (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

### PARTIES

2. Plaintiff is a resident of the State of New Jersey, County of Ocean, residing in Lakewood, New Jersey.

3. Defendant SANTANDER CONSUMER USA, INC. is a corporation incorporated under the laws of the State of Illinois, with its principal place of business located in Dallas, Texas.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2)

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, but approximately July 9, 2015, Defendant began its campaign of communicating with the Plaintiff via the use of an automated telephone dialing system and prerecorded messages by calling his cell phone number of 732-703-3468 numerous times seeking a third party, unknown to the defendant.

8. The Defendant called from numerous phone numbers, including but not limited to (888)222-4227 which belongs to Defendant. For example, the number of calls from September 25, 2015 through December 5, 2015 is approximately 75 in number.

9. Plaintiff confirmed these phone numbers as belonging to the Defendant by calling each of the phone numbers and being greeted by a female computerized voice stating: "Welcome to Santander" or "Thank you for calling Santander Consumer USA".

10. As stated above, Defendant specifically called the Plaintiff's cellular phone over 25 times in the one month period beginning on October 1, 2015 and ending on November 1, 2015, calling the Plaintiff's cellular phone up to three times per day.

11. The Defendant would frequently leave prerecorded messages on the Plaintiff's cell phone, which would typically repeat in a female robotic voice: "*Hello, this is Santander Consumer USA. Please contact our Servicing Department using our toll-free number at 1(888)222-4227. Again, our toll- free number is 1(888)222-4227. You may also access your account online at using the My Account feature. Santander Consumer USA appreciates your prompt response.*" (followed by the message in Spanish).

12. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system. Upon information and belief, Plaintiff has never provided his cell phone number to Defendant or had any credit card, store card, bank account, credit line, home mortgage or other business relationship with the Defendant.

13. Plaintiff had no wish to be contacted on his cell phone via the use of an autodialer, and expressly directed Defendant to stop calling his cell phone number on numerous occasions.

14. By placing auto-dialed calls and prerecorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

15. The Defendant therefore willfully violated the TCPA numerous times by placing autodialled calls and prerecorded messages to the Plaintiff's cell phone without his prior, express consent.

## FIRST CAUSE OF ACTION
### *(Violations of the TCPA)*

*16.* Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

18. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:
1. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;
2. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;
3. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 15, 2015

                                                 Benjamin G. Kelsen, Esq.
                                                 **THE LAW OFFICES OF**
                                                 **BENJAMIN G. KELSEN, ESQ. LLC**
                                                 *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, **BENJAMIN G. KELSEN**, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 15, 2015

                                                 Benjamin G. Kelsen, Esq.
                                                 **THE LAW OFFICES OF**
                                                 **BENJAMIN G. KELSEN, ESQ. LLC**
                                                 *Attorneys for Plaintiff*

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

Dated: December 15, 2015

Benjamin G. Kelsen, Esq.
**THE LAW OFFICES OF
BENJAMIN G. KELSEN, ESQ. LLC**
*Attorneys for Plaintiff*